ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Avant Assessment, LLC ) ASBCA No. 58866
)
Under Contract No. W9124N-11-C-0033 )

APPEARANCES FOR THE APPELLANT: Dirk D. Haire, Esq.
Alexa Santora, Esq.
Sean Milani-nia, Esq.
Rachel M. Severance, Esq.
  Fox Rothschild LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
  CPT Harry M. Parent III, JA
  MAJ Julie A. Glascott, JA
  Kyle E. Chadwick, Esq.
  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT

Avant Assessment, LLC (Avant) requests summary judgment in this appeal,[*] in which it challenges the government's termination of its contract for cause. The government requests denial of the motion, or, in the alternative, deferral of a ruling pending a scheduled hearing on the merits of the appeals. We grant the motion and sustain the appeal.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The following is not in dispute. On 16 September 2011, appellant, Avant and the Department of the Army (government) entered into the contract referenced above for the development and delivery of 1,300 foreign-language test items (mot. at 1, ¶ 1; gov't resp. at 2). On 28 September 2012, the parties executed Modification No. P00003 (mot. at 1, ¶ 2; gov't resp. at 2), which provided that "any items that are still required by the contract but not accepted by the Government shall automatically be descoped from the contract" (mot. at 2, ¶ 3; gov't resp. at 2). On 26 June 2013, the government terminated the

---

[*] ASBCA No. 58866 is consolidated with ASBCA No. 60143. This opinion only addresses ASBCA No. 58866.

1

contract for cause for failure to provide the contracted number of acceptable items (mot. at 2, ¶¶ 4-5; gov't resp. at 2).

## DECISION

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Great America Construction Co.*, ASBCA Nos. 60437, 60501, 16-1 BCA ¶ 36,460. To counter a motion for summary judgment, more than mere assertions are necessary. *Id.* Conclusory assertions do not raise a genuine issue of fact. *Id.* The non-movant must submit, by affidavit or otherwise, specific evidence that could be offered at trial. *Id.* Failing to do so may result in the motion being granted. *Id.* The government bears the burden of proof on the issue of the correctness of its actions in terminating a contractor for cause. *See Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764 (Fed. Cir. 1987).

Avant has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. The only justifications that the government offers for terminating the contract for cause are (1) Avant's "failure to meet the requisite number of acceptable items," and (2) Avant's "failure to adhere to the delivery schedule identified in Modification No. P00003 (gov't resp. at 7). In *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,129, a contract with Avant for the delivery of 3,300 test items, we held that "descop[ing]" language identical to that found in Modification No. P00003 "no longer required Avant to deliver 3,300 acceptable items"; and that, in effect, the descoping language "reduced the number of acceptable items that the contract required that Avant deliver from 3,330 to however many acceptable items the government determined Avant had [ultimately] delivered." We therefore held that the parties had agreed that "delivering fewer than 3,300 acceptable items was not cause for terminating the contract"; accordingly, we converted the termination to one for the convenience of the government. *Id.*

We see no reason for a different result here. By agreeing that "any items that are still required by the contract but not accepted by the Government shall automatically be descoped from the contract," the parties agreed that delivering 1,300 acceptable foreign-language test items was no longer a contract requirement; consequently, the government could not terminate the contract for cause for failure to deliver "the requisite number" (that is, 1,300) of acceptable test items.

With respect to whether the termination for cause is justified by failure to meet a delivery schedule, not only does the government fail to identify any such schedule, but it fails to submit any specific evidence in support of the contention that Avant failed to meet a delivery schedule. The government states that "[t]o the government's knowledge that information"–in the government's words, "whether appellant delivered the number of items, by language and skill level, specified in the delivery schedules,"–"is not presently contained within the Rule 4 file" (gov't resp. at 7)

2

(emphasis in original). The government then states that "[d]iscovery is ongoing and the record is still open for supplementation" (*id.*), suggesting that the government currently does not have the evidence to prove that Avant failed to meet a delivery schedule. Although the government requests deferral of a decision on Avant's motion until after the hearing that the Board has scheduled for later this year, the government does not specifically state that discovery is necessary to oppose the motion; indeed, the government requests deferral of a ruling only in the alternative to the motion's denial.

In any event, whether Avant failed to meet a delivery schedule is an issue that the government should be able to substantiate on its own, without having to conduct discovery; at least, the government provides no indication why that is not the case (perhaps, for example, that its own contract records have been lost or destroyed). Finding no issue for trial, and that Avant is entitled to judgment as a matter of law that the termination for cause is unjustified, the motion for summary judgment is granted.

The appeal is sustained, and the termination is converted to one for the convenience of the government.

Dated: 28 September 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58866, Appeal of Avant Assessment, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
